**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dolores T. Contreras,<br><br>        Plaintiff,<br><br>vs.<br><br>W.L. Gore & Associates, Inc.<br><br>        Defendant. | No. CV-10-8131-PCT-PGR<br><br>ORDER |

On July 22, 2010, the plaintiff commenced a Title VII employment discrimination action. Rather than setting forth the required factual allegations in the body of the complaint, the complaint states that it incorporates by reference the factual allegations included in the plaintiff's EEOC charge of discrimination and the EEOC's right to sue letter attached as exhibits to the complaint; the exhibits were not in fact attached to the complaint filed with the Court. Since the complaint, as filed, fails to allege facts sufficient to state a claim for relief pursuant to the standards of Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)[1], the Court will *sua sponte* dismiss it with

---

[1] As the Supreme Court has stated, "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more

leave to refile. The plaintiff shall file an amended complaint that sets forth in its body sufficient facts to meet the Twombly/Iqbal standard. Therefore,

IT IS ORDERED that the plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that the plaintiff shall file an amended complaint no later than **August 6, 2010** that alleges sufficient facts to state a claim for relief.

DATED this 27th day of July, 2010.

Paul G. Rosenblatt
United States District Judge

---

than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitations of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (Internal quotation marks, citations, and brackets omitted).